**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
HELEN I. ZELDES (220051)
*hzeldes@sshhlaw.com*
BEN TRAVIS (SBN 305641)
*btravis@sshhlaw.com*
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4990

**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
PAUL L. HOFFMAN (71244)
*Hoffpaul@aol.com*
JOHN C. WASHINGTON (315991)
*jwashington@sshhlaw.com*
200 Pier Avenue #226
Hermosa Beach, CA 90254
Telephone: (310) 396-0731
Facsimile:  (310) 399-7040

Attorneys for Plaintiff Garvin and the Putative Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GARVIN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAYLESS CAR RENTAL, INC., a Nevada Corporation; DOLLAR RENT A CAR, INC., an Oklahoma Corporation; FOX RENT A CAR, INC., a California Corporation; ADVANTAGE OPCO, LLC d/b/a ADVANTAGE RENT A CAR, a Delaware Corporation, and; Does 1-100<br><br>Defendants. | Civil Case No.:  **'20CV0172 AJB  WVG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jeffrey Garvin ("Plaintiff") brings this action, on behalf of himself and all others similarly situated against PAYLESS CAR RENTAL, INC., a Nevada Corporation ("Payless"); DOLLAR RENT A CAR, INC., an Oklahoma Corporation ("Dollar"); FOX RENT A CAR, INC., a California Corporation ("Fox"); ADVANTAGE OPCO, LLC d/b/a ADVANTAGE RENT A CAR, a Delaware Corporation ("Advantage"), and; Does 1-100 ( collectively "Defendants"). Plaintiff alleges the following based upon information and belief, the investigation of counsel, and personal knowledge as to the allegations pertaining to himself.

## I. NATURE OF THE CASE

1. This is an action by Plaintiff on behalf of himself and a putative class, seeking relief under the California Consumers Legal Remedies Act ("CLRA") and the California Unfair Competition Law ("UCL) for Defendants' improper assessment of an illegal tax on car rentals originating at the San Diego International Airport in San Diego, California.

2. Defendants improperly and illegally assess each car rental a $3.50 fee which is not authorized by law, purportedly claiming that they are required to assess this fee by the Port of San Diego. Defendants knew when they began imposing this fee that it was illegal and improper and in fact several car rental companies, including Defendant Dollar's parent company, The Hertz Corporation, challenged this fee as illegal and improper in a reverse validation action.

3. Plaintiff seeks restitution of this illegal fee on behalf of himself and all others similarly situated as well as injunctive relief prohibiting Defendants from continuing to collect these fees.

## II. JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants because Defendants conducted and continue to conduct business in the State of California, and because Defendants have committed the acts and omissions complained of herein in the State of California.

5. This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (New Mexico) is diverse from all other Defendants, there are over 100 class members, and the amount in controversy exceeds $5 million.

6. Venue is proper in the Southern District of California because a substantial portion of the acts giving rise to this action occurred in this district. Specifically, the car rentals at issue all originated at the San Diego International Airport.

### III. PARTIES

7. Plaintiff Garvin is, and at all times mentioned herein was, an individual citizen of Albuquerque, New Mexico. Plaintiff traveled by plane to San Diego, California, several times during the Class Period and rented vehicles from each of the Defendants' San Diego International Airport locations. Plaintiff was assessed and forced to pay the illegal and improper $3.50 fee for each rental.

8. Defendant Payless is a Nevada corporation with its principal place of business in Parsippany, New Jersey. Payless is in the business of renting cars throughout the United States including at San Diego Airport in the State of California.

9. Defendant Dollar is an Oklahoma corporation with its principal place of business in Estero, Florida. Dollar is in the business of renting cars throughout the United States including at San Diego Airport in the State of California.

10. Defendant Fox is a California corporation with its principal place of business in Los Angeles, California. Fox is in the business of renting cars throughout the United States including at San Diego Airport in the State of California.

11. Defendant Advantage is a Delaware corporation with its principal place of business in Orlando, Florida. Advantage is in the business of renting cars throughout the United States including at San Diego Airport in the State of California, and does business using the name Advantage Rent A Car.

12. Plaintiff is presently unaware of the true identities and capacities of fictitiously named Defendants designated as DOES 1 through 100, but will amend this

1  complaint or any subsequent pleading when their identities and capacities have been
2  ascertained according to proof. On information and belief, each and every DOE
3  defendant is in some manner responsible for the acts and conduct of the other
4  Defendants herein, and each DOE was, and is, responsible for the injuries, damages,
5  and harm incurred by Plaintiff. Each reference in this complaint to "Defendant,"
6  "Defendants," or a specifically named Defendant, refers also to those unknown parties
7  sued under fictitious names.

## IV.   FACTUAL ALLEGATIONS

### A.   The Illegal Tax

13.   On April 10, 2018, the Board of Port Commissioners of the San Diego Unified Port District adopted Resolution 2018-065, which purported to re-enact San Diego Port Ordinance 2030 and imposed a special tax, disguised as a "user fee," on car renters. The special tax is a charge of $3.50 that renters are assessed for each rental car transaction that takes place on San Diego Port tidelands, which includes San Diego International Airport and the adjacent Rental Car Center.

14.   Ordinance 2030 was enacted approximately twenty years ago to fund a parking structure near the San Diego Convention Center and Airport. Collection of fees under Ordinance 2030 was suspended over a decade ago.

15.   Resolution 2018-065 and Ordinance 2030 call this tax a "user fee" to be collected from renters by rental car companies, for the benefit of the San Diego Port so that the San Diego Port can use the funds to pay for the construction of a parking structure adjacent to the planned Chula Vista Bayfront Convention Center on Port Property in South San Diego County. The tax, however, is not a legal "user fee" but rather an illegal special tax that has been imposed in violation of Propositions 13 and 218, which require that any special tax be approved by two-thirds of the voters. Because the tax was not approved by local voters, it is an unconstitutional tax and thus unlawful and invalid.

16. The tax is also unlawful and invalid for violation of the Dormant Commerce Clause of the Unites States Constitution because it does not fairly approximate the use of the facilities for whose benefit they are imposed -- only a tiny percentage of the rental car customers who pay the fee will benefit from the parking garage that will be funded and built. Rental car customers who are traveling from out-of-state bear disproportionate costs in comparison to the negligible level of "quantifiable services" they receive.

17. In summary, the $3.50 fee is an unlawful and unconstitutional tax to finance the construction of the proposed Chula Vista parking garage, not a legal "user fee" for either the use of the proposed Chula Vista parking garage or any other property of the San Diego Port.

18. On June 8, 2018, Enterprise Rent-A-Car Co. of Los Angeles, LLC and the Hertz Corporation (Defendant Dollar's parent corporation) filed a Complaint commencing a reverse validation proceeding against the San Diego Port and seeking to declare the Resolution unlawful and invalid, including because it imposes an unconstitutional special tax in violation of Proposition 218 and the Dormant Commerce Clause of the United States Constitution. That action, *Enterprise Rent-A-Car Co. of Los Angeles, LLC, et al. v. San Diego Unified Port District*, is pending in San Diego County Superior Court before the Honorable Katherine A. Bacal, Department C-69, as Case No. 37-2018-00028276-CU-MC-CTL.

19. After a bench trial in October 2019, Judge Bacal found that the special tax was unlawful.

**B.  Defendants' Conduct**

**1.  Defendant Dollar Rent A Car, Inc.**

20. Dollar is in the business of renting cars to customers.

21. Dollar has a rental location in San Diego at the Car Rental Center located adjacent the San Diego Airport. A customer can rent vehicles online, by phone, or at the airport.

22. Upon information and belief, on or about April 10, 2018, Dollar began assessing the $3.50 fee on all of its rentals originating at the San Diego Airport. Dollar assessed this fee despite knowing that the fee was illegal and improper.

23. Upon information and belief, only recently did Dollar stop assessing the fee on rentals. Despite ending their practice of charging this fee, Dollar has not refunded fees that renters have previously paid nor has it made clear that it will not be reinstituting the fee in the future.

### 2. Defendant Payless Car Rental, Inc.

24. Payless is in the business of renting cars to customers.

25. Payless has a rental location in San Diego at the Car Rental Center located adjacent the San Diego Airport. A customer can rent vehicles online, by phone, or at the airport.

26. Upon information and belief, on or about April 10, 2018, Payless began assessing the $3.50 fee on all of its rentals originating at the San Diego Airport. Payless assessed this fee despite knowing that the fee was illegal and improper.

27. Payless does not disclose to customers what this fee is for, and deceptively calls it a "Port Convention Garage Fee" as shown on the following screenshot.



28. Upon information and belief, Payless is still assessing this fee on all rentals originating at the San Diego Airport.

### 3. Defendant Advantage Rent A Car

29. Advantage is in the business of renting cars to customers.

30. Advantage has a rental location in San Diego at the Car Rental Center located adjacent the San Diego Airport. A customer can rent vehicles online, by phone, or at the airport.

31. Upon information and belief, on or about April 10, 2018, Advantage began assessing the $3.50 fee on all of its rentals originating at the San Diego Airport. Advantage assessed this fee despite knowing that the fee was illegal and improper.

32. Advantage does not disclose to customers what this fee is for, and deceptively calls it a "Rental Car Trans Fee" as shown on the following screenshot.



33. Upon information and belief, Advantage is still assessing this fee on all rentals originating at the San Diego Airport

### 4.     Defendant Fox Rent A Car, Inc.

34.    Fox is in the business of renting cars to customers.

35.    Fox has a rental location in San Diego at the Car Rental Center located adjacent the San Diego Airport. A customer can rent vehicles online, by phone, or at the airport.

36.    Upon information and belief, on or about April 10, 2018, Fox began assessing the $3.50 fee on all of its rentals originating at the San Diego Airport. Fox assessed this fee despite knowing that the fee was illegal and improper.

37.    Fox does not disclose to customers what this fee is for, and deceptively calls it a "Port Authority Fee" as shown on the following screenshot.



38.    Upon information and belief, Fox is still assessing this fee on all rentals originating at the San Diego Airport

### C.    PLAINTIFF'S ALLEGATIONS

39.    Plaintiff traveled from New Mexico to San Diego, California, several times between April 10, 2018 and the present. During those visits, he rented vehicles

from various car rental companies at the San Diego Airport facility, including from Defendants.

40. On each occasion that he rented from Defendants, he was assessed and paid the above-mentioned $3.50 fee.

### D. CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated individuals (the "Class"), defined as follows:

> All United States citizens who rented a vehicle from one of the Defendants in San Diego, California from the period of April 10, 2018 to the present and who were assessed a $3.50 fee. Excluded from the Class are any of Defendants' officers, directors, or employees; officers, directors, or employees of any entity in which Defendants currently have or have had a controlling interest; and Defendants' legal representatives, heirs, successors, and assigns.

42. At this time, Plaintiff does not know the exact number of Class members; however, given the nature of the claims and the number of individuals who rented vehicles in San Diego Airport during the Class period, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable.

43. There is a well-defined community of interest in the questions of law and fact involved in this case. The following questions of law and fact are common to the Class members and predominate over questions that may affect individual Class members:

    1. Whether Defendants charged the $3.50 to all rentals originating at the San Diego Airport as a policy and practice during the Class Period;

    2. Whether the $3.50 fee charged by Defendants was in violation of the law;

      3.     Whether Defendants' conduct violated the UCL;

      4.     Whether Defendants' conduct violated the CLRA;

      5.     Whether Defendants were enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for them to retain the benefits conferred upon them by Plaintiff and the other Class members;

      6.     Whether Plaintiff and Class members are entitled to restitution of the fees they were assessed, and;

      7.     Whether Defendants should be estopped from assessing such a fee in the future.

44.    Plaintiff's claims are typical of those of the Class because Plaintiff, like all Class members, rented vehicles originating at the San Diego Airport during the Class period and was assessed the $3.50 fee on each rental.

45.    Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

46.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47.    The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met, as Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

48.    Defendants' conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendants' systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

10
CLASS ACTION COMPLAINT

49. The requirements of Fed. R. Civ. P. 23(b)(3) are met as common issues predominate over any individual issues, and treatment of this matter as a class action is superior to numerous individual actions.

50. The litigation of separate actions by Class members would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another might not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

## COUNT I

### (Unfair and Deceptive Acts and Practices in Violation of the California Consumers Legal Remedies Act)

51. Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint and further alleges as follows.

52. This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

53. Plaintiff and the other Class members are "consumers," as the term is defined by California Civil Code § 1761(d), because they purchased and/or leased the car rentals at issue for personal, family, or household purposes.

54. Plaintiff and Defendants, and the other Class members and Defendants, have engaged in "transactions," as that term is defined by California Civil Code §1761(e).

55. The conduct alleged in this complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in, the sale or lease of goods to consumers.

56. As alleged more fully above, Defendants have violated the CLRA by improperly and illegally assessing a bogus tax on car rentals.

57. As a result of engaging in such conduct, Defendants have violated California Civil Code § 1770(a)(5) and (a)(14).

58. Pursuant to California Civil Code § 1780, Plaintiff seeks appropriate equitable relief, including an order enjoining Defendants from the unlawful practices described herein, as well as recovery of attorneys' fees and costs of litigation.

59. Plaintiff and the other Class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

60. The unfair and deceptive acts and practices of Defendants, as described above, present a serious threat to Plaintiff and the other Class members.

61. On January 24, 2020, Plaintiff sent a letter to Defendants via certified mail that provided notice of their violation of the CLRA and demanded that within thirty (30) days from that date, they correct or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if they failed or refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. If Defendants fail to provide the relief demanded within the time allowed by law, Plaintiff will amend his complaint to seek actual and punitive damages for violation of the CLRA.

## COUNT II

### (Violation of California's Unfair Competition Law)

62. Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint and further alleges as follows.

63. By committing the acts and practices alleged herein, Defendants have violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Class as a whole, by engaging in unlawful, fraudulent, and unfair conduct.

64. **Unlawful Conduct.**  Defendants have violated the UCL's proscription against engaging in *unlawful* conduct as a result of:

(a) violations of the CLRA, Cal. Civ. Code § 1770(a)(5) and (a)(14), as alleged above; and

(b) assessing a tax in violation of the law.

65. Defendants have made misrepresentations that they are required to charge this tax, when in fact they are not.

66. Plaintiff and the other Class members have suffered injury in fact and have lost money or property as a result of Defendants' actions, by being forced to pay this illegal tax.

67. Pursuant to California Business and Professions Code § 17203, Plaintiff and the other Class members seek an order of this Court that includes, but is not limited to, an order requiring Defendants to refrain from assessing this unlawful tax.

68. **Fraudulent Conduct.** Defendants' acts and practices described above also violate the UCL's proscription against engaging in *fraudulent* conduct.

69. As more fully described above, Defendants knowingly mislead Plaintiff to believe that they were required to assess the tax, when in fact they were not. Said acts are fraudulent business practices.

70. **Unfair Conduct.** Defendants' acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

71. Plaintiff and the other Class members suffered a substantial injury by virtue of paying more than they would have paid absent Defendants' unlawful, fraudulent, and unfair practices.

72. There is no benefit to consumers or competition from these practices.

73. Plaintiff and the other Class members had no way of reasonably knowing that the taxes were not authorized by law. Thus, they could not have reasonably avoided the injury each of them suffered.

74. The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is

immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other Class members.

75. Defendants' violations of the UCL continue to this day.

76. Pursuant to California Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court that includes, but is not limited to, an order requiring Defendants to:

    1. Cease assessing this unlawful tax to car renters;
    2. Provide restitution to Plaintiff and the other Class members;
    3. Disgorge all revenues obtained as a result of violations of the UCL; and
    4. Pay Plaintiff's and the Class' attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of himself and the Class as follows:

A. An order certifying the proposed Class; appointing Plaintiff as representative of the Class; and appointing Plaintiff's undersigned counsel as Class counsel;

B. A declaration that Defendants are financially responsible for notifying Class members of the pendency of this suit;

C. An award of restitution pursuant to California Business and Professions Code § 17203 for Class members;

D. An award of disgorgement pursuant to California Business and Professions Code § 17203 for Class members;

E. An order enjoining Defendants' unlawful and deceptive acts and practices, pursuant to California Business and Professions Code § 17203 and California Civil Code § 1780(a)(2);

F. Injunctive relief for Class members pursuant to California Civil Code § 1780;

G. An order awarding Plaintiff and the other Class members the reasonable costs and expenses of suit, including their attorneys' fees; and

H. Any further relief that the Court may deem appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all claims so triable.

Dated: January 24, 2020             Respectfully submitted,

**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**

By: /s/ *Helen I. Zeldes*
Helen I. Zeldes, Esq. (220051)
*hzeldes@sshhlaw.com*
Ben Travis (305641)
*btravis@sshhlaw.com*
11543 W Olympic Blvd
Los Angeles, CA 90064
Telephone: (760) 349-1900
Facsimile: (760) 349-1999